IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD MOSLEY,<br>     Plaintiff,<br><br>  vs.<br><br>SUPERINTENDENT BRIAN COLEMAN,<br>DR. HERBIK, Head Medical Doctor,<br>DIRECTOR RICHARD S. ELLERS, ERIC<br>ARMEL, Deputy Superintendent, SUE<br>BERRIER, R.N. (Acting) Health Care<br>Administrator, ROBERT TRETINIK, R.N.<br>(former) Health Care Administrator CO,<br>CHRIS MYERS, Physician's Assistant,<br>DARLA KAY COWDEN, Physician's<br>Assistant,<br>     Defendants. | )<br>)<br>)<br>) Civil Action No. 11-102<br>) Magistrate Judge Maureen P. Kelly<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION

**KELLY, Magistrate Judge**

  Plaintiff, Richard Mosley ("Mosley"), is a prisoner currently in the custody of the Pennsylvania Department of Corrections ("DOC"), at the State Correctional Institution at Fayette ("SCI-Fayette"). He has brought this action against Defendants pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging that Defendants have demonstrated deliberate indifference to his medical needs in violation of his rights under the Eighth Amendment to the Constitution.

  Presently before the Court is a Motion to Dismiss Plaintiff's Complaint submitted by Defendants Dr. Herbik ("Herbik"), Chris Myers ("Myers") and Darla Kay Cowden ("Cowden") (collectively, "the Medical Defendants"), and a Motion to Dismiss Complaint submitted by Defendants Superintendent Brian Coleman ("Coleman"), Director Richard S. Ellers ("Ellers"), Deputy Superintendent Eric Armel ("Armel"), R.N. Sue Berrier ("Berrier"), and R.N. Robert Tretinik ("Tretinik") (collectively, "the DOC Defendants"). For the reasons that follow, both

motions will be granted.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

In his Complaint, Mosley alleges that after experiencing "breathing difficulties" late in 2008, he submitted a sick call request and was evaluated by Defendant Cowden. ECF No. 1, § IV.C. ¶¶ 1, 2. Cowden allegedly diagnosed Mosley as having allergies and prescribed medication. Id. at ¶¶ 2, 3. Mosley nevertheless contends that his symptoms got worse and on December 16, 2008, he submitted another sick call request. Id. at ¶ 4. Mosley was then evaluated by Defendant Myers who apparently agreed with Cowden's diagnosis and continued Mosley on the previously prescribed medication. Id. at ¶ 5. On January 6, 2009, Mosley was again evaluated after submitting another sick call request; he was diagnosed with Rhinitis and prescribed Ipratropiom Bromide. Id. at ¶ 6.

Mosley, however, apparently continued to experience nasal discharge and difficulty breathing and was seen by the medical staff at SCI-Fayette a number of times over the ensuing months, which included being evaluated by Defendants Herbik and Tretnik on August 20, 2009. Plaintiff alleges that Herbik and Tretnik told him at the time that he couldn't breathe because he is a heavy smoker. Mosley also submitted a number of grievances and Inmate Requests to Staff throughout the year complaining about his situation and the treatment he was receiving. Id. at ¶¶ 7-21.

On January 28, 2010, Mosley again submitted a sick call request and was examined by a doctor who allegedly told him that he had been misdiagnosed as having allergies and that he actually had an upper respiratory infection; the doctor prescribed Robitussin PM. Id. at ¶¶ 22-23. Mosley alleges that he nevertheless continued to experience breathing problems as well as severe chest pains and requested to be transferred to a prison where he could receive proper treatment.

According to Mosley, those requests were denied notwithstanding the fact that Myers and Cowden continued to refuse to provide him with treatment. Id. at ¶¶ 24-28.

On July 8, 2010, Mosley met with Dr. Phillip Balk and Defendants Herbik, Armel and Berrier, at which time Defendants allegedly refused to discuss Mosley's medical care. Id. at ¶ 29. Mosley, however, was subsequently seen by Dr. Murray Sachs who diagnosed him with a bronchial condition and prescribed allergy medication. Id. at ¶¶ 30-31. Mosley was also seen by Herbik again around the same time. According to Mosley, he asked Herbik for a CT scan or to be seen by a specialist at an outside hospital. Both requests were denied. Id. at ¶¶ 32-35.

On July 23, 2010, Mosley asked to discontinue his prescription for Benadryl, believing that it may have been the cause of some of his symptoms. Mosley was told he would nevertheless be given a replacement medication because he had a throat infection. Id. at ¶¶ 38-39.

On October 13, 2010, Mosley was seen again by Cowden after complaining of severe chest pains and was sent for an x-ray. Id. at ¶ 40. On October 21, 2010, Mosley again went to sick call complaining of chest pains and was evaluated by Dr. Balk. Dr. Balk allegedly confirmed that he had bronchial fluid and told Mosley that the illness was not curable. Id. at ¶ 41. Mosley alleges that another physician subsequently ordered new medication for him and indicated that there was no need for outside care. Id. at ¶ 44.

Thereafter, Mosley claims that he filed a complaint against Herbik with the Bureau of Investigations and was informed by Jim Thornhill on October 27, 2010, that his claims were found to be credible. Id. at ¶ 45.

After experiencing severe chest pains and shortness of breath again on December 9, 2010, Mosley went to sick call where he was evaluated by Dr. Dascani. At that time, Dr.

Dascani diagnosed Mosley with Chronic Obstructive Pulmonary Disease. Id. at ¶ 46.

Plaintiff filed the instant Complaint on January 26, 2011, alleging that Defendants were deliberately indifferent to serious medical needs in violation of his rights under the Eighth Amendment. ECF No. 1. The Medical Defendants filed a Motion to Dismiss Plaintiff's Complaint on March 24, 2011, and the DOC Defendants filed a Motion to Dismiss on April 4, 2011. ECF Nos. 16, 27. Plaintiff responded to the motions on April 13, 2011, and April 20, 2011, respectively. ECF Nos. 31, 33. Accordingly, the motions are now ripe for review.

**II.    STANDARD OF REVIEW**

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the Court must accept as true all allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Public Employees' Retirement System v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations; rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed]

conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

## III. DICUSSION

### A. MEDICAL DEFENDANTS' MOTION TO DISMISS

The Eighth Amendment prohibition against cruel and unusual punishment "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care…." Farmer v. Brennen, 511 U.S. 825, 832 (1994) (citations omitted). The Supreme Court has also held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976)(internal citation and quotation marks omitted). Thus, to succeed on an Eighth Amendment claim, Plaintiff must demonstrate: (1) a serious medical need; and (2) that Defendants were deliberately indifferent to that need. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). Deliberate indifference to a serious medical need runs afoul of the Eighth Amendment "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. at 104-105.

In order to establish deliberate indifference, a "plaintiff must make a 'subjective' showing that defendant acted with a 'sufficiently culpable state of mind.'" Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002), citing Wilson v. Seiter, 501 U.S. 294, 298 (1991). That is, a prison official must be subjectively aware of a substantial risk of harm to the prisoner:

> We reject [the] invitation to adopt an objective test for deliberate indifference. We hold … that a prison official cannot be found liable under

5

> the Eighth Amendment for denying an inmate humane conditions of
> confinement unless the official knows of and disregards an excessive risk to
> inmate health or safety…. The official must be both aware of facts from
> which the inference can be drawn that a substantial risk of serious harm
> exists, and he must also draw the inference.

Farmer v. Brennen, 511 U.S. at 832. See Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001).

It is abundantly clear, however, that allegations of negligence or medical malpractice are not sufficient to establish a Constitutional violation as the "inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' . . . ." Rouse v. Plantier, 182 F.3d at 197, quoting Estelle, 429 U.S. at 105. See Spruill, 372 F.3d at 235 (neither claims of medical malpractice nor disagreements regarding the proper medical treatment are actionable). Furthermore, in a prison medical context, deliberate indifference is generally not found when some significant level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855 at *2 (E.D. Pa. Oct.13, 2000) ("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care"). Such complaints fail under Section 1983 since "the exercise by a doctor of his professional judgment is never deliberate indifference." Gindraw v. Dendler, 967 F. Supp. 833, 836 (E.D. Pa. 1997). See e.g. Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990) ("as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights").

In this case, it is evident that Mosley has not stated the legal and factual threshold necessary to sustain an Eighth Amendment claim of deliberate indifference having alleged in the Complaint that he received on-going and regular medical treatment for the two years preceding the filing of his Complaint. Indeed, according to Mosley's allegations he was seen by the

medical staff at SCI-Fayette on at least twenty occasions during that time and received a variety of medications in an effort to ameliorate his discomfort and symptoms.

While Mosley is plainly dissatisfied with the medical treatment that he has received, it does not negate the fact that he is being treated and has been since December of 2008. Because an inmate's dissatisfaction with the course of his medical treatment or disagreement with his health care provider's choice of treatment does not give rise to an Eighth Amendment violation for deliberate indifference, he is unable to state a claim. Indeed, the Court of Appeals for the Third Circuit has repeatedly held that under such circumstances, prisoner officials are entitled to judgment as a matter of law. See Gause v. Diguglielmo, 339 Fed. Appx. 132, 136 (3d Cir. 2009) (dispute over choice of medication does not rise to the level of an Eighth Amendment violation); Innis v. Wilson, 334 Fed. Appx. 454, 456-57 (3d Cir. 2009) (same); Rozzelle v. Rossi, 307 Fed. Appx. 640, 642-43 (3d Cir. 2008) (same); Whooten v. Bussanich, 248 Fed. Appx. 324, 327 (3d Cir. 2007) (same); Ascenzi v. Diaz, 247 Fed. Appx. 390, 391 (3d Cir. 2007) (same). As such, Mosley's Eighth Amendment claims brought against the Medical defendants are properly dismissed.

### B. DOC DEFENDANTS' MOTION TO DISMISS

Corrections Defendants Ellers, Coleman, Armel, Tretinik and Berrier are prison administrators and, thus, are held to a somewhat different standard when evaluating claims of deliberate indifference under the Eighth Amendment.[1]

In Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993), the Court of Appeals for the Third Circuit held that prison officials who are not physicians cannot be considered to be deliberately

---

[1] As pointed out by the DOC Defendants, even though Defendants Tretinik and Berrier are Health Care Administrators, they are treated as non-medical prison officials for purposes of Section 1983 denial of medical care claims. See Hull v. Dotter, 1997 WL 327551 at *4 (E.D. Pa. June 12, 1997); Freed v. Horn, 1995 WL 710529 at *3-4 (E.D. Pa. Dec. 1, 1995); McAleese v. Owens, 770 F. Supp. 255, 262-63 (M.D. Pa. 1991).

7

indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was a already being treated by the prison doctor. Id. at 68. Thus, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). See also Fillebrown v. Zettlemoyer, 1996 WL 460051 at *3 (E.D. Pa. 1996), citing Durmer v. O'Carroll, 991 F.2d 64 ("[p]rison administrators and the nursing staff of the prison infirmary cannot be found deliberately indifferent for failing to defer to an inmate's judgment about appropriate diagnostic care when it contradicts the recommendations of the treating physician").

    As this Court has observed,

> This rule makes sense because a nonphysician layperson cannot be deliberately indifferent to a prisoner's medical needs when he knows that the prisoner is being seen by and treated by physicians and/or receiving treatment ordered by a physician, notwithstanding the prisoner's complaints about the physician's treatments and/or alleged misdiagnosis because a non-physician layperson has no expertise whereby to judge the adequacy *vel non* of a physician's treatment.

Caldwell v. Fogel, 2009 WL 3048558 at *7 (W.D. Pa. 2009) (emphasis added).

    Further, Mosley's assertions that he filed several grievances and Inmate Requests to Staff complaining of his medical treatment does not serve to resurrect his claims or impose liability on the DOC Defendants. At best, Mosley's grievances and requests to staff demonstrate only that the DOC Defendants were aware that Plaintiff was unhappy with his treatment which the Court has already found does not rise to the level of a Constitutional violation. See Caldwell v. Fogel, 2009 WL 3048558 at *8-9, citing Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) ("[i]t is true that Plaintiff filed grievances or staff requests, which may have provided

8

knowledge to the DOC defendants that Plaintiff was dissatisfied with the medical care, but more is needed than this, otherwise, every time a prisoner complains about his treatment, such would be sufficient to render the non-medical personnel liable").

Even if a Constitutional violation had occurred, however, it is not at all clear since the Supreme Court decided Ashcroft v. Iqbal, that merely having knowledge of that violation is sufficient to impose liability on the DOC Defendants. See Ashcroft v. Iqbal, 556 U.S. at ___, 129 S. Ct. at 1949 ("purpose rather than knowledge is required to impose Bivens liability on the subordinate for unconstitutional discrimination"). See also Bayer v. Monroe County Children and Youth Services, 577 F.3d 186, 190 n.5 (3d Cir. 2009) ("In light of the Supreme Court's recent decision in *Ashcroft v. Iqbal*, it is uncertain whether proof of such personal knowledge, with nothing more, would provide a sufficient basis for holding [defendant] liable with respect to plaintiffs' . . . claims under § 1983") (citation omitted).

Nevertheless, Mosley claims would still fail under Twombly, even if knowledge of constitutional violations and acquiescence therein were sufficient, as there is nothing in the Complaint to support a finding that the DOC Defendants believed or had any reason to believe that the care being provided to Mosley was inadequate or that he was in anyway being mistreated. To the contrary, according to the Complaint, the DOC Defendants were only aware that Mosley was under the care of medical professionals and that he disagreed with the treatment he was given. To infer from these assertions that the DOC Defendants knew, or even had reason to know, that the care recommended by the treating medical professionals was inappropriate or that he was being mistreated would be purely speculative. As such, Mosley has failed to state an Eighth Amendment claim against the DOC Defendants for deliberate indifference. See Caldwell v. Fogel, 2009 WL 3048558 at *8-*9 (footnote omitted) ("in light of the treatment recounted in

9

the complaint, Plaintiff has pleaded himself out of court because in light of such treatment, there was no reason on the part of the DOC Defendants to believe or have actual knowledge that Plaintiff was being mistreated or not treated at all within the contemplation of Spruill").

## IV. CONCLUSION

For the reasons set forth above, the Motion to Dismiss Plaintiff's Complaint submitted by the Medical Defendants, and a Motion to Dismiss Complaint submitted by the DOC Defendants are GRANTED.[2]

An appropriate Order will follow.

/s/ Maureen P. Kelly
United States Magistrate Judge

cc: Richard Mosley
HG8500
SCI Fayette
PO Box 9999
LaBelle, PA 15450

All counsel of record via CM/ECF

---

[2] Moreover, the Court declines to provide Mosley with the opportunity to amend his Complaint since it is clear, given his acknowledgment that he received treatment for his medical needs for two years prior to filing the Complaint, that such an amendment would be futile. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). In addition, the Court notes that, having found that Mosley is unable to succeed on the merits of his claims, it follows that the Motion for Temporary Restraining Order, ECF No. 24, in which he raises almost identical allegations as asserted in the Complaint, is properly dismissed as well. See Kos Pharms, Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (in order to demonstrate the need for preliminary injunctive relief, the moving party must establish, *inter alia*, the likelihood of success on the merits).